In re COACHES SPORTS
TECHNIPLEX, INC.,
Debtor.

COACHES SPORTS TECHNIPLEX,
INC., Plaintiff,

v.

Thomas E. WILLIAMS, Tom Williams,
Inc., Tom Williams Sports, Ltd. and
Concorde Financial Corporation, Defendants.

Bankruptcy No. 86–0047–H2–11.
Adv. No. 86–0423.

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

July 2, 1986.

Andrew G. Shebay, III, Andrew G. Shebay, III, P.C., Houston, Tex., for Coaches Sports Techniplex, Inc., debtor/plaintiff.

Steven M. Zager, Fulbright & Jaworski, Houston, Tex., for Tom E. Williams, Tom Williams, Inc., Tom Williams Sports, Ltd. and Concorde Financial Corp., defendants.

## MEMORANDUM OPINION

EDWARD J. RYAN, Bankruptcy Judge.

By application dated the 30th day of May, 1986, defendants, Thomas E. Williams, Tom Williams, Inc., Tom Williams Sports, Ltd., and Concorde Financial Corporation, object to the jurisdiction of this court to hear this adversary proceeding.

The defendants urge dismissal for lack of subject matter jurisdiction, and in the alternative, abstention by this court.

Coaches Sports Techniplex, Inc., the plaintiff in this adversary proceeding and the respondent herein, alleges jurisdiction under 28 U.S.C., § 1334(b), and urges this court to not abstain from hearing this adversary proceeding as it should be tried only in bankruptcy court so as to effectuate the expedient effective liquidation of the estate to satisfy Coaches Sports Techniplex, Inc.'s creditors.

■ The court is fully aware that the trial court may not blindly accept the proposed findings of fact and conclusions of law of the prevailing party. *United States v. El Paso Natural Gas*, 376 U.S. 651, 84 S.Ct. 1044, 12 L.Ed.2d 12 (1964).

However, when the prevailing party's proposed findings of fact are entirely consistent with the evidence and the conclusions are agreeable to the state of the law, the court may substantially adopt those filed by the prevailing party.

The court finds:

1. Coaches Sports Techniplex, Inc., on or about January 3, 1986, filed its petition for relief pursuant to Chapter 11 of the Bankruptcy Code under case number 86–00047–H2–11, now pending before the United States Bankruptcy Court for the Southern District of Texas.

2. Coaches Sports Techniplex, Inc., on or about May 1, 1986, filed this adversary proceeding alleging breach of fiduciary duties and unfair competition against the defendant, Thomas E. Williams, and against the remaining defendants for fraud, conspiracy, tortious interference with contracts and unfair competition; and against all defendants for injunctive relief.

3. On June 16, 1986, defendant, Thomas E. Williams, filed in state court in Cause No. 86–27388 a lawsuit styled *Thomas E. Williams v. Daniel K. Trevino, Jr., et al.*, in the 165th Judicial District Court, Harris County, Texas. That lawsuit is still pending.

4. Coaches Sports Techniplex, Inc. is not a party in the state court action. Furthermore, the remaining defendants in this adversary proceeding, Tom Williams, Inc., Tom Williams Sports, Ltd., and Concorde Financial Corporation are *not* parties to the state court proceeding.

5. The state court petition alleges breach of an unidentified contract, tortious interference with contracts, and slander. This adversary proceeding alleges breach of fiduciary duty, unfair competition, and conspiracy.

6. The adversary proceeding cannot be timely adjudicated in the District Courts of Harris County, Texas, as plaintiff in this adversary proceeding is not a party to the state court action.

7. There is no proceeding in state court or any other forum requesting the relief prayed for in this adversary proceeding.

8. The plaintiff's claims, while based on state law, are not truly independent of the bankruptcy cause inasmuch as they are centrally linked to not only the filing of the Chapter 11 proceeding but also crucial to the plaintiff's ability to reorganize.

9. The bankruptcy court has exclusive jurisdiction of all property belonging to the bankrupt estate as well as the administration of the bankrupt's estate.

10. Adjudication of the character of claims set forth by plaintiff is essential to the timely, effective liquidation of the estate to satisfy creditors.

11. There has been no allegation nor does the court find that there would be any difficulty whatsoever in either being provided with state law applicable to this adversary proceeding or applying such law.

12. Bankruptcy courts are not limited to the application of bankruptcy laws alone. The courts can and must apply state laws as they pertain to bankruptcy proceedings.

13. Creditors of the debtor will be adversely affected by abstention or dismissal of this action by this court.

The court concludes:

1. The instant case is not a proceeding which arises under Title 11.

2. Jurisdiction of the subject matter and of the parties to this action is by virtue of 28 U.S.C. § 1334(b) and 28 U.S.C. § 157.

3. This court is not subject to the mandatory abstention provision set forth in 28 U.S.C. § 1334(c)(2).

4. A request for discretionary abstention pursuant to the provisions of 28 U.S.C. § 1334(c)(1) will not be granted where it appears that such abstention is not warranted.

5. The state court lawsuit does not involve the same issues and transactions as this adversary proceeding.

6. The adversary proceeding filed herein concern issues which are inextricably tied to this bankruptcy proceeding and the ability of plaintiff to reorganize and pay its creditors.

7. There exists state or federal interests and policy considerations which would be hindered or contravened were this court to abstain from hearing this adversary proceeding.

Let judgment enter accordingly.